MARK GORTON (CA Bar. No. 99312)
THOMAS G. MOUZES (CA Bar. No. 99446)
**BOUTIN JONES INC.**
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
Phone: (916) 321-4444
Fax:     (916) 441-7597
Email: mgorton@boutininc.com
           tmouzes@boutininc.com

JAMES T. MARKUS (CO BAR NO. 25065) (Admitted *Pro Hac Vice*)
DONALD D. ALLEN (CA Bar No. 87752)
MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC
1700 Lincoln St., Suite 4550
Denver, CO 80203
Phone: (303) 830-0800
Fax:     (303) 830-0809
Email: jmarkus@markuswilliams.com
           dallen@markuswilliams.com

Attorneys for SummitBridge
National Investments V LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ECS REFINING, INC.,<br><br>Debtor. | Case No.: 2:18-bk-22453 RSB<br><br>Chapter 11<br><br>DC No. BJ-003<br><br>Date: July 17, 2018 [OST]<br>Time: 10:30 a.m.<br>Department: D – Crtrm 34<br>  501 I Street, Floor 6<br>  Sacramento, CA 95814<br>Judge: Hon. Robert S. Bardwil |

## SUMMITBRIDGE NATIONAL INVESTMENTS V LLC'S MOTION TO CONVERT CASE TO CHAPTER 7

1

SUMMITBRIDGE'S MOTION TO CONVERT CASE TO CHAPTER 7

952953.2

SummitBridge National Investments V LLC ("SummitBridge"), a creditor of the Debtor, hereby moves the Court for an order converting this case to chapter 7 ("Motion"). The Motion is brought pursuant to Section 1112(b) of the Bankruptcy Code, Rules 1017(f) and 2002(a)(4) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules 9014-1(f)(2) and the Application for Order Shortening Time and Limiting Notice, filed herewith.

In support of the motion, SummitBridge alleges as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157(b)(2) and 1334(b) and the referral of bankruptcy cases. This is a core matter pursuant to 28 U.S.C. §157(b).

2. The Debtor filed its voluntary Chapter 11 petition on April 24, 2018 ("Petition Date"). Doc. No. 1. At the time of the filing of the case, the Debtor did not file any Schedules and Statement of Financial Affairs. Doc. No. 1. and 2.

3. SummitBridge is the holder promissory notes payable by the Debtor representing a current debt owed to SummitBridge in an amount in excess of $25 million plus additional fees and expenses pursuant to applicable loan documents (hereafter such indebtedness and all accrued but unpaid interest, fees and costs and all other obligations, contingent liabilities, and swap liabilities incurred or existing as of the Petition Date shall be referred to collectively as the "Pre-Petition Secured Debt"). Declaration of Mark Kilcoin ("Kilcoin Decl."). The Pre-Petition Secured Debt is identified in the Trustee's Schedules of Assets and Liabilities in an amount of $25,926,867 secured by collateral with an estimated value of $6,000,000. Doc. No. 203, Creditor No. 2.1. The debt owed to SummitBridge represents 77% of the debts scheduled by the Trustee. Kilcoin Decl. and Doc. No. 203.

4. On May 2, 2018, the Court Entered its Order Granting Emergency Ex Parte Motion On Stipulation For Immediate Appointment of Chapter 11 Trustee. Doc. No. 91.

5. On May 8, 2018, W. Donald Gieseke ("Trustee") was appointed the Chapter 11 Trustee for ECS Refining, Inc. Doc. No. 99. A creditors' committee has not been appointed.

6. On May 8, 2018, the Trustee filed his First Emergency Motion for an Interim Order Authorizing Use of Cash Collateral of Lender for continued operations (Doc. No. 100), and on May 9, 2018, the Court granted the relief. Doc. No. 117. The Court granted the relief on a final

1  basis on May 24, 2018. Doc. No. 162.

2  7. On May 17, 2018, the Trustee filed his Second Emergency Motion for an Interim Order Authorizing Use of Cash Collateral of Lender for continued operations (Doc. No. 143), and on May 23, 2018, the Court granted the relief. Doc. No. 152. The Court granted the relief on a final basis on June 6, 2018. Doc. No. 184.

8. On June 4, 2018, the Trustee filed his Third Emergency Motion for an Interim Order Authorizing Use of Cash Collateral of Lender for continued operations (Doc. No. 167), and on June 6, 2018, the Court granted the relief. Doc. No. 185. The Court granted the relief on a final basis on June 20, 2018. Doc. No. 231.

9. On June 15, 2018, the Trustee filed his Fourth Emergency Motion for an Interim Order Authorizing Use of Cash Collateral of Lender for continued operations (Doc. No. 205), and on June 21, 2018, the Court granted the relief. Doc. No. 225. The Court set the final hearing on the motion on July 11, 2018. Id.

10. On June 15, 2018, and after extension, the Trustee filed his Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding The Debtor's Schedules of Assets and Liabilities And Statement of Financial Affairs. Doc. No. 202. The Debtor never filed Schedules and Statement of Financial Affairs.

11. On June 27, 2018, the Trustee filed his Fifth Emergency Motion for an Interim Order Authorizing Use of Cash Collateral of Lender for continued operations or to shut down the operations of Debtor (Doc. No. 232) and on June 29, 2018, the Court granted relief only to windup and shut down the operations of Debtor. Doc. No. 245. The Court set the final hearing on the motion on July 17, 2018. Id.

12. The Trustee is currently in the process of winding down the affairs of Debtor. At the hearing on June 29, 2018, the Court authorized on shortened time a motion for stay relief, a motion to convert, a motion to abandon and a motion to reject leases for filing and service by either electronic means or by facsimile on or before July 6, 2018, and set all of the motions for hearing on July 17, 2018 at 10:30 a.m.

13. Summit's Pre-Petition Secured Debt is secured by a valid and perfected first

priority lien and security interest in substantially all of the Debtor's property and all proceeds (including insurance) thereof, including but not limited to all of Debtor's accounts, equipment, inventory, goods, work in process, general intangible, fixtures, trademarks, patents, collateral access agreements and other personal property assets and all proceeds thereof. (the "Pre-Petition Collateral"). Kilcoin Decl. and Doc. 203, Creditor 2.1.

14. There is no equity in the collateral of SummitBridge for the Estate and SummitBridge is an under secured creditor, as acknowledged in the Schedules. Doc. No. 203. The absence of equity is substantiated by the Trustee's efforts to arrange a sale of the estate's assets. The Trustee has requested interested parties to submit proposals to purchase all of the Debtor's personal property and the highest expression of interest received was $3.9 million. Kilcoin Decl.

15. There is no reasonable possibility of reorganization around continuing the recycling business. According to the Trustee, the Estate has been running losses of between $300,000 to $500,000 per week and has accrued unpaid administrative liability in excess of $2.3 million. Kilcoin Decl. Further, the Trustee has shut down the operations of the Debtor.

16. Conversion for cause based on substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation is fully justified in this case and the best interests of creditors and the estate will be furthered by conversion.

17. This motion is supported by the accompanying Declaration of Mark Kilcoin, the memorandum of points and authorities, the notice of hearing, matters of which judicial notice may be taken, the pleadings and papers filed in support of the motion, the pleadings and papers filed in support of the limited stay relief motion, the pleadings and papers on file in the above entitled case, and such other and further evidence or argument as may be considered at the hearing.

WHEREFORE, SummitBridge National Investments V LLC respectfully requests the Court enter an order converting the case to chapter 7, and granting such other and further relief as may be appropriate.

/ / /

/ / /

Dated: July 6, 2018

MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC

- and -

BOUTIN JONES INC.
Attorneys at Law

By: _____/s/ Thomas G. Mouzes_____
       THOMAS G. MOUZES

Attorneys for SUMMITBRIDGE NATIONAL INVESTMENTS V LLC