


UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE:     *
    *
ECS REFINING, INC.     *     Case No.: 18-22453
    *
Debtors.     *     Chapter 11
    *
    *

*************************************************************************

### WITHDRAWAL OF PROOF OF CLAIM 397

I, the undersigned, an authorized signatory for Square Inc., hereby withdraw the above-referenced claims, filed on January 4, 2019 respectively, and authorize the Clerk of this Court, to reflect this withdrawal on the official claims register for the above-referenced Debtors.

Respectfully submitted,

Date: September 23, 2020     *Wendy Messner*

Wendy Messner

RMS – Agent for Square Inc.
P.O. Box 19253
Minneapolis, MN 55419

```
 1  CHRISTOPHER D. SULLIVAN (148083)
 2  ROXANNE BAHADURJI (290117)
    QUENTIN ROBERTS (306687)
 3  DIAMOND McCARTHY LLP
    150 California Street, Suite 2200
 4  San Francisco, CA 94111
    Phone: (415) 692-5200
 5  Email: csullivan@diamondmccarthy.com
           rbahadurji@diamondmccarthy.com
 6         quentin.roberts@diamondmccarthy.com

 7  Special Litigation Counsel for
    Kimberly J. Husted, Chapter 7 Trustee
 8
```

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ECS REFINING, INC.,<br><br>Debtor. | Case No. 18-22453<br><br>Chapter 7<br><br>DCN: DMC-7<br><br>**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH SQUARE, INC. PURSUANT TO RULE 9019(a)**<br><br>Date: August 31, 2020<br>Time: 9:00 a.m.<br>Courtroom: 501 I Street, Room 28, Dept. A<br>Sacramento, CA 95814<br>Judge: Hon. Fredrick E. Clement |

1

ORDER GRANTING ON MOTION TO APPROVE SETTLEMENT WITH SQUARE, INC.

RECEIVED
September 04, 2020
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006839315

1  　　　The Chapter 7 Trustee's Motion to Approve Settlement Agreement with Square, Inc. pursuant
2  to Rule 9019(a) ("Motion") came on for hearing on August 31, 2020 at 9:00 a.m., before the
3  Honorable Fredrick E. Clement. Appearances were as noted on the record. Having entered the default
4  of all respondents for failure to appear, timely oppose, or otherwise defend in the matter, and having
5  considered the well-pleaded facts of the Motion, the pleadings and papers filed in support thereof, due
6  and proper notice having been given, and good cause appearing,

8  **IT IS HEREBY ORDERED** that:

　　1. The Motion is granted; and
　　2. The Settlement Agreement and General Release of Claims attached as Exhibit "A" to this Order is approved.

Dated:　Sep 04, 2020

　　　　　　　　　　　　　　　　　　_/s/ Fredrick E. Clement_
　　　　　　　　　　　　　　　　　　Fredrick E. Clement
　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

2

ORDER GRANTING ON MOTION TO APPROVE SETTLEMENT WITH
SQUARE, INC.

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (the "Agreement"), dated July __, 2020, is made by and between Kimberly J. Husted, as Trustee ("ECS Trustee") of the Chapter 7 estate of ECS Refining, Inc. (the "ECS Estate"), pending in the United States Bankruptcy Court Eastern District of California ("Bankruptcy Court"), Case No. 18-22453 ("ECS Case"), and Square, Inc. ("Square"). The ECS Trustee and Square are sometimes referred to together as the "Parties" and each a "Party."

## RECITALS

A. On April 24, 2018, ECS initiated the ECS Case by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Code"). On September 28, 2018, Debtor's Chapter 11 petition was converted to a Chapter 7 liquidation, effective October 2, 2018.

B. On December 10, 2018, Kimberly J. Husted was appointed as chapter 7 trustee of the ECS Estate and currently remains in that capacity.

C. ECS was primarily engaged as an electronics recycling company.

D. ECS made certain payments to creditors between January 24, 2018 and April 24, 2018 (the "Preference Period"), which have been analyzed under sections 547 and 550 of the Bankruptcy Code as potential avoidable and recoverable payments.

E. Square received transfers from ECS during the Preference Period.

F. Square disputes that the payments it received during the Preference Period are avoidable and recoverable under sections 547 and 550 of the Bankruptcy Code.

G. On April 23, 2020, the ECS Trustee filed an adversary proceeding in the Bankruptcy Court, Adversary No. 20-02070, to avoid and recover transfers Square received during the Preference Period (the "Action").

## AGREEMENT

NOW, THEREFORE, in consideration of the following and the mutual covenants and conditions set forth below, the Parties hereto agree as follows:

1. Incorporation of Recitals. The foregoing recitals are true and are a part of this Agreement.

2. Agreement Not an Admission. No provision of this Agreement shall be construed in any event as an admission of any liability of any kind by any Party.

3. Condition of Court Approval. The settlement is conditioned on entry of an order in the Action, satisfactory in form and substance to the Parties, approving the compromise under Federal Rule of Bankruptcy Procedure 9019 and authorizing the ECS Trustee to enter into and carry out the terms of the settlement (the "ECS Approval Order"). Promptly after execution of this

Page 1

Agreement, the ECS Trustee shall file and diligently prosecute a motion seeking entry of the ECS Approval Order.

4. Effective Date. The effective date ("Effective Date") of the settlement shall be the day the ECS Approval Order is entered, provided no appeal of the ECS Approval Order is then pending and, if an appeal is pending, the date when the right to any appeal has lapsed.

5. Settlement Payment. The total settlement payment to be paid by Square to the Trustee for the benefit of the ECS Estate is twenty thousand ($20,000.00) dollars ("Settlement Payment"), which shall be payable within fourteen (14) business days after the Effective Date. The Settlement Payment shall be made to the Diamond McCarthy Client Trust Account. Payment instructions will be provided upon the Effective Date.

6. Withdrawal of Proof of Claim. Square agrees, within fourteen (14) business days after the Effective Date, it will withdraw its existing proof of claim against the ECS Estate for $29,834.89 (Claim No. 397).

7. Release of Unsecured Claims. Square agrees that, in addition to the release described further below, the Agreement specifically releases Square's possible future claims against the ECS Estate, including claims under 11 U.S.C. § 502(h).

8. Release of the Potential Claim with Prejudice. As set forth further below, upon the Effective Date of this Agreement, the Trustee shall be deemed to have released any and all claims of whatever kind or nature that the ECS Trustee had, has, or may have against Square including, without limitation, all claims that were brought, or could have been brought, in the Action.

9. Release. On the Effective Date, the ECS Trustee and the ECS Estate (collectively the "Trustee Parties"), and Square, on the other hand, each (the "Releasors"), shall be deemed to have mutually released and forever discharged the other (the "Releasees"), from all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including without limitation, costs, expenses, penalties and attorneys' fees known or unknown, suspected or unsuspected, asserted or unasserted, in law or in equity, which any Releasor ever had, now has or hereafter can, shall or may have against any Releasee relating in any way to the any matters and transactions that are the subject of or related to the Action.

10. General Release. The release set forth in the preceding paragraph is a general release in connection with the ECS Trustee, the ECS Estate, and Square with respect to the claims against Square and is intended to and does encompass all known and unknown claims, demands, actions and causes of action of every kind and nature, known or unknown, existing, claimed to exist, which Releasor may have against a Releasee, arising out of or resulting from or in any way connected with the Actions and the transactions that are the subject of those Actions. In connection with this Agreement, the Releasors waive all rights they may have under section 1542 of the California Civil Code, which provides that:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor.

By executing this Agreement, the Releasors expressly and forever waive the benefits, protection and rights of California Civil Code section 1542, or any other similar provision of the law of any other jurisdiction, with respect to matters released by the Agreement.

11. **Parties Represented by Counsel.** Each Party acknowledges that it has been represented in negotiations for settlement and preparation of this Agreement by counsel of its own choosing, or has had the opportunity to seek the advice of counsel, that each of the Parties has read this Agreement and has had it fully explained to such Party by each Party's own counsel, and is fully aware of the contents and legal effect of this Agreement.

12. **Right to Execute Agreement.** Each Party hereby warrants that it has the sole right and exclusive authority to execute this Agreement, and to bind itself and its assigns; that each Party has not sold, assigned, transferred, conveyed, or otherwise disposed of any claims, demands, causes of action, obligations, damages or liability asserted, as referred to in this Agreement.

13. **Laws and Jurisdiction.** The Parties agree that this Agreement shall be governed by the laws of the State of California and, to the extent applicable, the Code, and each Party hereby submits to the jurisdiction of the bankruptcy court for any action, suit or proceeding to enforce this Agreement and agrees that any such action, suit or proceeding shall be brought only in the bankruptcy court. Each party hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to venue or any such action, suit or proceeding brought in such a court related solely to the Agreement. The bankruptcy court shall retain exclusive jurisdiction and enforce the terms of this Agreement.

14. **Attorneys' Fees and Costs.** Should any dispute arise out of this Agreement, the losing party shall be responsible for paying the prevailing party's losses and damages, including reasonable attorneys' fees, expert fees, litigation expenses, and costs, unless the lawsuit is voluntarily dismissed.

15. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, whether oral or written, of the parties. No supplement, modification, waiver or termination of this Agreement, or any provision hereof, shall be binding, unless executed in writing by the parties to be bound thereby. The terms of this Agreement are contractual and not merely a recital.

16. **Joint Agreement.** The Parties hereto and their counsel have reviewed this Agreement, and agree that any rule of construction to the effect that any ambiguity in the interpretation of an agreement is to be resolved against the drafting party shall not apply. This Agreement shall be construed as if drawn and prepared by all Parties hereto jointly. Any uncertainty and ambiguity shall not be interpreted for or against any one party.

17. **No Third Party Beneficiaries.** Nothing contained in this Agreement shall create any rights, remedies or defenses in favor of any person or entity that is not a Party to this Agreement.

18. **Execution in Counterparts.** This Agreement may be executed in two counterparts, each of which shall be deemed an original, but both of which together shall constitute one and the same instrument. The Parties agree that this Agreement may be executed and delivered electronically. Counterparts may be delivered via facsimile or electronic mail (including .pdf or any

electronic signature complying with the U.S. federal ESIGN Act of 2000, California's Uniform Electronic Transactions Act (Cal. Civ. Code § 1633.1, et seq.) or other applicable law), and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

19. Additional Performances. The Parties further agree to execute such documents or take such as actions as may reasonably be required to fully implement this Agreement.

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be executed as of the day and year first above written.

KIMBERLY J. HUSTED, IN HER SOLE
CAPACITY AS TRUSTEE OF THE CHAPTER
7 ESTATE OF ECS REFINING, INC.

*/s/ Kimberly J. Husted*
Kimberly J. Husted

SQUARE, INC.

By:_____

electronic signature complying with the U.S. federal ESIGN Act of 2000, California's Uniform Electronic Transactions Act (Cal. Civ. Code § 1633.1, et seq.) or other applicable law), and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

19.    Additional Performances. The Parties further agree to execute such documents or take such as actions as may reasonably be required to fully implement this Agreement.

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be executed as of the day and year first above written.

**KIMBERLY J. HUSTED, IN HER SOLE CAPACITY AS TRUSTEE OF THE CHAPTER 7 ESTATE OF ECS REFINING, INC.**

_____
Kimberly J. Husted

**SQUARE, INC.**

By: _Chrysty Esperanza_ (DocuSigned)

Chrysty Esperanza

Director, Legal